**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LUIS L. AVILA AND MAYRA V. AVILA, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-807-XR |
| | § | |
| OCWEN LOAN SERVICING, LLC, ITS | § | |
| SUCCESSORS AND ASSIGNS, U.S. | § | |
| BANK NATIONAL, ITS SUCESSORS | § | |
| AND ASSIGNS, GSAMP TRUST 2006- | § | |
| HE5, ITS SUCCESSORS AND ASSIGNS, | § | |
| SOUTHSTAR FUNDING, LLC, LITTON | § | |
| LOAN SERVICING LP, ITS | § | |
| SUCCESSORS AND ASSIGNS, AND | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this day the Court considered Defendants' Motion to Dismiss for Failure to State a Claim (docket no. 4).  For the following reasons, the Court converts the motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).  Plaintiffs will be given until November 20, 2014 to respond.

## BACKGROUND

Plaintiffs Luis and Mayra Avila filed a state court petition with an application for a temporary restraining order (TRO) in the 225th Judicial District Court of Bexar County, Texas, on September 2, 2014.  (Docket no. 1, Ex. 5).  By their lawsuit, the Avilas sought to stop a foreclosure sale.

The Avilas purchased the property at 1006 Bridle Forest, San Antonio, Texas 78245 (the "Property") on June 23, 2006.  To purchase the Property, the Avilas received a loan from Defendant Litton Loan Servicing, LP, in exchange for executing a promissory note in favor of Litton.  The Avilas allege the note and loan servicing was subsequently transferred to Defendants US Bank National, Ocwen Loan Servicing, LLC, and Southstar Funding, LLC.  The Avilas allege 8 causes of action in their state court petition: 1) breach of contract; 2) breach of fiduciary duty; 3) negligent misrepresentation; 4) fraud; 5) "bad faith;" 6) tortious interference with contract; 7) conversion; and 8) quasi estoppel.  The Avilas sought damages and equitable remedies, including a TRO, which the state court granted on September 2, 2014.

Defendants[1] then removed the case to federal court on September 12, 2014, based on diversity jurisdiction.  In the notice of removal (docket no. 1), Defendants point out that the Avilas have brought these claims, or substantially similar ones, three times previously.  The previous lawsuits were dismissed with prejudice by a federal court.  First, Judge Biery dismissed the Avilas' case in *Avila v. Ocwen Loan Servicing, et. al*, No. 5:13-CV-00027-FB on the merits.  Then Judge Biery and Judge Garcia dismissed the case on *res judicata* grounds in *Avila v. Ocwen Loan Servicing, et. al*, No. 5:13-cv-01082-FB and *Avila v. Ocwen Loan Servicing, et. al*, No. 5:14-CV-00460-OLG, respectively.

Defendants moved to dismiss the case on September 19, 2014, arguing only that the Avilas' claims are barred due to *res judicata* and collateral estoppel.  The Avilas did not respond to the motion to dismiss or participate in forming the scheduling order as directed by the Court.  The Court, nevertheless, evaluates the merits of Defendants' motion to dismiss.  *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012).

[1] All Defendants except Southstar signed both the notice of removal and motion to dismiss.  Southstar does not appear to be able to act as it was liquidated in a bankruptcy.  More on this below.

2

## JURISDICTION AND IMPROPER JOINDER

Defendants removed based on diversity jurisdiction.  Plaintiffs have not contested jurisdiction or filed a motion to remand, but the Court has "a continuing obligation to examine the basis for [its] jurisdiction" and may raise the issue *sua sponte*. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  A state court civil action may only be removed to federal court if the federal court would have had original jurisdiction had the case been filed in federal court.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires complete diversity—i.e. when no plaintiff is a citizen of the same state as any defendant.  *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Not all named defendants are necessarily considered for diversity analysis.  *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).  A court may ignore improperly joined, non-diverse defendants.  *Id.*  To establish improper joinder, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

If a court determines a defendant is improperly joined, the defendant is effectively dismissed from the action. *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x. 340, 347 (5th Cir. 2013) (per curiam).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014).

The Avilas are citizens of Texas.  Defendant Ocwen is a Delaware limited liability company with its principal place of business in Florida.  For diversity purposes, an LLC is a citizen of all the states where its members are citizens. Ocwen's sole member is Ocwen Mortgage Servicing, Inc., which is a citizen of the U.S. Virgin Islands because it is incorporated there.  Defendant Ocwen is not a citizen of Texas.  Defendant Litton is a limited partnership that is considered a citizen of every state where a general or limited partner lives for diversity purposes.  Litton's sole limited partner is Ocwen Capital Management LLC. Ocwen Capital Management LLC's sole member is Ocwen Financial Corporation, a Florida corporation with its principal place of business in Georgia.  Litton is therefore not a citizen of Texas for diversity purposes.  Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principal place of business in Virginia.  MERS is not a citizen of Texas for diversity purposes, either.  Finally, Defendant US Bank is the trustee of a trust.  The citizenship of a trust for diversity purposes is the citizenship of the trustee.  A national bank is a citizen of the state where its main office is located.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006).  US Bank's main office is located in Ohio.  US Bank is not a citizen of Texas for diversity purposes.  Therefore, none of the removing Defendants are citizens of Texas for diversity purposes.

The Avilas' state court petition does not allege an amount of damages.  Defendants argue the amount in controversy exceeds $75,000 because the value of right protected in this claim for equitable relief is $82,450 according to the Bexar County Appraisal District.  *See* docket no. 1, ex. 10.  The amount in controversy for diversity purposes in a foreclosure case is the value of the property.  *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the

property represents the amount in controversy).   Thus, the amount in controversy exceeds $75,000 and all Defendants, excluding Southstar, are citizens of Texas.   The Court cannot ascertain from the record Southstar's citizenship for diversity purposes.   The Court therefore only has subject-matter jurisdiction based on diversity jurisdiction if Southstar was improperly joined in this case.  *See* 28 U.S.C. § 1332(a).

To establish improper joinder, a removing party must show a plaintiff cannot "establish a cause of action against the non-diverse party in state court."  *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).  A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573.

The Avilas have no reasonable basis for a cause of action against Southstar.  The state court petition does nothing more than name Southstar as a defendant and allege it once held the note without the Avilas' knowledge.  Defendants argue that Southstar filed for bankruptcy in 2007 and was liquidated in 2011.  *See In re Southstar Funding, LLC, Bankr.*, No. 07-65842-PWB.  The Avilas' cannot state a viable claim against a bankrupt and defunct defendant.  *See Toskich v. J.H. Inv. Servs., Inc.*, 806 F. Supp. 2d 1224, 1228 (M.D. Fla. 2011) (holding a defendant as improperly joined when it had been in bankruptcy for two years before the petition was filed); *see also Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009).  Southstar is therefore improperly joined and complete diversity exists.  Diversity jurisdiction is proper here.

**ANALYSIS**

The Avilas have brought claims to stop the foreclosure of the Property three times previously.  All three times, the lawsuits were dismissed by a federal court with prejudice; the first time on the merits, the next two on *res judicata* grounds.  *See Avila v. Ocwen Loan*

*Servicing, et al.*, No. 5:13-CV-00027-FB; *Avila v. Ocwen Loan Servicing, et al.*, No. 5:13-cv-01082-FB; *Avila v. Ocwen Loan Servicing, et al.*, No. 5:14-CV-00460-OLG.  Defendants only argue the Avilas' petition should again be dismissed due to *res judicata* and collateral estoppel.

The doctrine of *res judicata* bars the relitigation of claims already decided by a court with proper jurisdiction in a prior proceeding.  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  "According to the doctrine of collateral estoppel, or issue preclusion, 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"  *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194, (1970)).

The Fifth Circuit has held that *res judicata* and collateral estoppel should be pled as affirmative defenses; not brought in a Rule 12(b)(6) motion to dismiss.  *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Test Masters*, 428 F.3d at 570, n. 2; *but see Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) ("Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings.").  Though the Fifth Circuit indicates in these cases it may not find reversible error when a district court grants a Rule 12(b)(6) motion to dismiss on *res judicata* and collateral estoppel grounds, in an abundance of caution, the Court converts Defendants' motion to dismiss (docket no. 4) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) in order to properly decide the *res judicata* and collateral estoppel issues.  FED. R. CIV. P. 12(d) (providing "if on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . .").

6

When converting a motion to dismiss to a motion for summary judgment under Rule 12(d), a court should not dismiss the case until the opposing party is given adequate notice and time to respond. *See Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *Hazzard v. Bourgeios*, No. CIV. A. C-11-51, 2011 WL 4738235, at *3 (S.D. Tex. Oct. 6, 2011). Accordingly, the Court places the Avilas on notice to come forward with all of their evidence to support their claim and to refute that their petition should not be dismissed due to *res judicata* and collateral estoppel. The Avilas shall file their evidence and response no later than **November 20, 2014**.

It is so ORDERED.

SIGNED this 6th day of November, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE