IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS L. AVILA AND MAYRA V. AVILA, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. SA-14-CV-807-XR |
| | § | |
| OCWEN LOAN SERVICING, LLC, ITS | § | |
| SUCCESSORS AND ASSIGNS, U.S. | § | |
| BANK NATIONAL, ITS SUCESSORS | § | |
| AND ASSIGNS, GSAMP TRUST 2006- | § | |
| HE5, ITS SUCCESSORS AND ASSIGNS, | § | |
| SOUTHSTAR FUNDING, LLC, LITTON | § | |
| LOAN SERVICING LP, ITS | § | |
| SUCCESSORS AND ASSIGNS, AND | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this day the Court considered Defendants' Motion to Dismiss for Failure to State a Claim (docket no. 4), which the Court previously stated it was treating as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) (*see* docket no. 8). For the following reasons the Court GRANTS the motion.

### I.    Background

Plaintiffs Luis and Mayra Avila filed a state court petition with an application for a temporary restraining order in the 225th Judicial District Court of Bexar County, Texas, on September 2, 2014. Docket no. 1, Ex. 5. The Avilas sought to stop a foreclosure sale through their lawsuit.

1

The Avilas purchased the property at 1006 Bridle Forest, San Antonio, Texas 78245 (the "Property") on June 23, 2006. To purchase the Property, the Avilas received a loan from Defendant Litton Loan Servicing, LP, in exchange for executing a promissory note in favor of Litton. The Avilas allege the note and loan servicing was subsequently transferred to Defendants US Bank National and Ocwen Loan Servicing, LLC.[1] The Avilas allege 8 causes of action in their state court petition: 1) breach of contract; 2) breach of fiduciary duty; 3) negligent misrepresentation; 4) fraud; 5) "bad faith;" 6) tortious interference with contract; 7) conversion; and 8) quasi estoppel. The Avilas sought damages and equitable remedies, including a temporary restraining order, which the state court granted on September 2, 2014.

Defendants then removed the case to federal court on September 12, 2014, based on diversity jurisdiction. In the notice of removal (docket no. 1), Defendants point out that the Avilas have brought these claims to stop foreclosure sales three times previously. Those lawsuits were dismissed with prejudice by a federal court. First, Judge Biery dismissed the Avilas' case in *Avila v. Ocwen Loan Servicing, et. al*, No. 5:13-CV-00027-FB on the merits. Then Judge Biery and Judge Garcia dismissed the case on *res judicata* grounds in *Avila v. Ocwen Loan Servicing, et. al*, No. 5:13-cv-01082-FB and *Avila v. Ocwen Loan Servicing, et. al*, No. 5:14-CV-00460-OLG, respectively.

Defendants moved to dismiss the case on September 19, 2014, arguing only that the Avilas' claims are barred due to *res judicata* and collateral estoppel. The Court treated the motion to dismiss as a motion for summary judgment pursuant to Rule 12(d) because Defendants' affirmative defenses, *res judicata* and collateral estoppel, require the Court to look outside the complaint and are properly decided on summary judgment. The Court gave the

---

[1] Southstar Funding, LLC was previously dismissed as improperly joined because it was liquidated in bankruptcy. *See* docket no. 8.

2

Avilas 14 days, until November 20, 2014, to come forward with all their evidence on why the Court should not grant summary judgment on *res judicata* grounds. Docket no. 8. The Avilas neither filed documents with the Court nor made any other attempt to present evidence.

## II.     Legal Standard

A court shall grant summary judgment if the movant shows that there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine dispute over any material fact, the movant must submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or submit evidence supporting its affirmative defenses. *See* FED. R. CIV. P. 56(c).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, put differently, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986); *Rutherford v. Muniz*, 280 F. App'x 337, 338 (5th Cir. 2008). In making this determination, the court should review all the evidence in the record, drawing all reasonable inferences in favor of the nonmovant and without making credibility determinations or weighing the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–555 (1990). The court also considers "evidence supporting the moving party that is uncontradicted and unimpeached." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

## III.     Analysis

The Avilas have presented no evidence to support their claims or refute Defendants' *res judicata* and collateral estoppel affirmative defenses. However, to grant summary judgment on

an affirmative defense, there must be sufficient evidence to support the affirmative defense and no genuine issues of material fact. *See Anderson*, 477 U.S. at 250.

The doctrine of *res judicata* bars the relitigation of claims already decided by a court with proper jurisdiction in a prior proceeding. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "According to the doctrine of collateral estoppel, or issue preclusion, 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

Federal Rule of Evidence 201 permits the Court "to take judicial notice of an adjudicative fact if the fact is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned." *Ferguson v. Extraco Mortgage Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (internal quotation marks omitted). The Court may take judicial notice of matters of public record. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). The Court "may take judicial notice on its own." FED. R. EVID. 201(c)(1). It also "must take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2).

The Court takes judicial notice of the previous proceedings with the same facts and issues of law where the Avilas' claims were dismissed with prejudice by federal courts, either on the merits or on *res judicata* and collateral estoppel grounds. *See Avila v. Ocwen Loan Servicing, et*

4

*al.*, No. 5:13-CV-00027-FB; *Avila v. Ocwen Loan Servicing, et al.*, No. 5:13-cv-01082-FB; *Avila v. Ocwen Loan Servicing, et al.*, No. 5:14-CV-00460-OLG.  These cases are matters of public record whose accuracy cannot be questioned.  The Court finds clear and sufficient evidence to support Defendants' affirmative defenses.  Therefore, the Court grants Defendants' motion to dismiss that is being treated as a motion for summary judgment under Rule 12(d).

## IV.   Conclusion

For the above stated reasons, Defendants' Motion to Dismiss for Failure to State a Claim (docket no. 4), being treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) (s*ee* docket no. 8), is GRANTED.  Plaintiffs' petition is DISMISSED WITH PREJUDICE.  The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case.  Defendants are awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 2nd day of December, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE